```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    DAVID L. KIRMAN
 4  Assistant United States Attorney
    California Bar Number:  235175
 5       1200 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-4441
 7       Facsimile: (213) 894-0141
         E-mail: david.kirman@usdoj.gov
 8
    Attorney for Plaintiff
 9  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 08-1273-SJO |
|---|---|
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT MARK BENDER |
| v. | ) |
| MARK BENDER, | ) |
| Defendant. | ) |

1. This constitutes the plea agreement between MARK BENDER ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2. Defendant agrees to plead guilty to count one of the indictment in United States v. Mark Bender, CR No. 08-1273-SJO.

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one of the indictment, which charges a violation of Title 18, United States Code, Section 922(g)(1), the following must be true:

(1) Defendant knowingly possessed a firearm.

(2) The firearm had been shipped in interstate commerce from one state to another or from a foreign nation to the United States; and

(3) At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

2

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 12 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On September 27, 2008, defendant was a rear-seat passenger riding in a friend's Honda Accord. There, he knowingly possessed (1) a Ruger Vaquero, .45 revolver, serial number 58-72720; and (2) five rounds of Remington Peters "RP" .45 colt ammunition. The Ruger Vaquero and RP ammunition were both manufactured outside the state of California and therefore necessarily were shipped in interstate or foreign commerce.

3

Defendant knowingly possessed the Ruger and RP ammunition, after being convicted of numerous felonies, namely, (1) Possession of Marijuana for Sale, in violation of California Health & Safety Code Section 11359, in the Superior Court of the State of California, County of Riverside, case number SWF007694, on or about June 30, 2004; (2) Possession of Cocaine Base for Sale, in violation of California Health & Safety Code 11351.5, in the Superior Court of the State of California, County of Riverside, case number SWF008603, on or about October 20, 2004; and (3) Taking a Vehicle Without Owner's Consent, in violation of California Vehicle Code Section 10851, in the Superior Court of the State of California, County of Riverside, case number SFW019563, on or about January 2, 2007.

Officers from the San Bernardino Police Department ("SBPD") arrested defendant after they found him in possession of the firearm and ammunition. After arresting defendant, the SBPD officers booked defendant into the West Valley Detention Center ("WVDC"). Prior to booking him into the WVDC, SBPD officers searched defendant. During the search, officers found and defendant knowingly possessed (1) 2.49 grams of a mixture and substance containing a detectable amount of cocaine base, in the form of crack cocaine; and (2) .98 grams of a mixture and substance containing a detectible amount of marijuana.

### WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

      c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

      d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e) The right to confront and cross-examine witnesses against defendant.

      f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF DNA TESTING

10. Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing: Ruger .45 revolver, 5 rounds Remington Peters "RP" .45 colt ammunition, cocaine base,

marijuana, and personal items taken during arrest. Defendant understands that the government does not intend to conduct DNA testing of these or any other items. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

## SENTENCING FACTORS

11. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established

under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

Base Offense Level :   24   [U.S.S.G. § 2K2.1(a)(2)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures are appropriate. The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history. Defendant understands and agrees, however, that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 or an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has any additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1 other than the following convictions: (1) Possession of Marijuana for Sale, in violation of California Health & Safety Code Section 11359, in the Superior Court of the State of California, County of Riverside, case number SWF007694, on or about June 30, 2004; (2) Possession of Cocaine Base for Sale, in violation of California Health & Safety Code 11351.5, in the Superior Court of the State of California, County of Riverside, case number SWF008603, on or about October

1  20, 2004; and (3) Taking a Vehicle Without Owner's Consent, in
2  violation of California Vehicle Code Section 10851, in the
3  Superior Court of the State of California, County of Riverside,
4  case number SFW019563, on or about January 2, 2007. In the event
5  that defendant's base offense level is so altered, the parties
6  are not bound by the base offense level stipulated to above.
7      13. There is no agreement as to defendant's criminal
8  history or criminal history category.
9      14. Defendant and the USAO, pursuant to the factors set
10 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
11 (a)(7), further reserve the right to argue for a sentence outside
12 the sentencing range established by the Sentencing Guidelines.
13     15. The stipulations in this agreement do not bind either
14 the United States Probation Office or the Court. Both defendant
15 and the USAO are free to: (a) supplement the facts by supplying
16 relevant information to the United States Probation Office and
17 the Court, (b) correct any and all factual misstatements relating
18 to the calculation of the sentence, and (c) argue on appeal and
19 collateral review that the Court's Sentencing Guidelines
20 calculations are not error, although each party agrees to
21 maintain its view that the calculations in paragraph 12 are
22 consistent with the facts of this case.

                    DEFENDANT'S OBLIGATIONS
24     16. Defendant agrees that he will:
25         a) Plead guilty as set forth in this agreement.
26         b) Not knowingly and willfully fail to abide by all
27 sentencing stipulations contained in this agreement.
28         c) Not knowingly and willfully fail to: (i) appear for

                                8

all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

    c) At the time of sentencing, provided that defendant

1  demonstrates an acceptance of responsibility for the offenses up
2  to and including the time of sentencing, to recommend a two-level
3  reduction in the applicable sentencing guideline offense level,
4  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
5  move for an additional one-level reduction if available under
6  that section.
7          d) To recommend that defendant be sentenced to a term
8  of imprisonment at the low end of the applicable Sentencing
9  Guidelines imprisonment range provided that the total offense
10 level as calculated by the Court is 21 or higher and provided
11 that the Court does not depart downward in offense level or
12 criminal history category.

### BREACH OF AGREEMENT

14 18. If defendant, at any time after the execution of this
15 agreement, knowingly violates or fails to perform any of
16 defendant's agreements or obligations under this agreement ("a
17 breach"), the USAO may declare this agreement breached. If the
18 USAO declares this agreement breached at any time following its
19 execution, and the Court finds such a breach to have occurred,
20 then: (a) if defendant has previously entered a guilty pleas,
21 defendant will not be able to withdraw the guilty plea, and (b)
22 the USAO will be relieved of all of its obligations under this
23 agreement.

24 19. Following the Court's finding of a knowing and willful
25 breach of this agreement by defendant, should the USAO elect to
26 pursue any charge that was either dismissed or not filed as a
27 result of this agreement, then:
28     a) Defendant agrees that any applicable statute of

limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

20.  Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 21, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability

1  defendant has to appeal and the Court's determination of
2  defendant's criminal history category and the conditions of
3  supervised release imposed by the Court, with the exception of
4  the following: conditions set forth in General Orders 318, 01-05,
5  and/or 05-02 of this Court; the drug testing conditions mandated
6  by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug
7  use conditions authorized by 18 U.S.C. § 3563(b)(7).

8    21.  The USAO gives up its right to appeal the sentence,
9  provided that (a) the sentence is within the statutory maximum
10 specified above and is constitutional, and (b) the Court imposes
11 a sentence within or above the range corresponding to a total
12 offense level of 21, and the applicable criminal history category
13 as determined by the Court.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

15   22.  Defendant agrees that if any count of conviction is
16 vacated, reversed, or set aside, the USAO may: (a) ask the Court
17 to resentence defendant on any remaining count of conviction,
18 with both the USAO and defendant being released from any
19 stipulations regarding sentencing contained in this agreement,
20 (b) ask the Court to void the entire plea agreement and vacate
21 defendant's guilty plea on any remaining counts of conviction,
22 with both the USAO and defendant being released from all of their
23 obligations under this agreement, or (c) leave defendant's
24 remaining conviction, sentence, and plea agreement intact.
25 Defendant agrees that the choice among these three options rests
26 in the exclusive discretion of the USAO.

### COURT NOT A PARTY

28   23.  The Court is not a party to this agreement and need not

accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea

1 hearing as if the entire Agreement had been read into the record
2 of the proceeding.
3     This agreement is effective upon signature by defendant and
4 an Assistant United States Attorney.
5 AGREED AND ACCEPTED
6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF CALIFORNIA
7
  THOMAS P. O'BRIEN
8 United States Attorney
9
10 _____                _____
  DAVID L. KIRMAN                                       Date
  Assistant United States Attorney
11
12     I have read this agreement and carefully discussed every
13 part of it with my attorney. I understand the terms of this
14 agreement, and I voluntarily agree to those terms. My attorney
15 has advised me of my rights, of possible defenses, of the
16 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17 relevant Sentencing Guidelines provisions, and of the
18 consequences of entering into this agreement. No promises or
19 inducements have been given to me other than those contained in
20 this agreement. No one has threatened or forced me in any way to
21 enter into this agreement. Finally, I am satisfied with the
22 representation of my attorney in this matter.
23
24 _/s/ Mark Bender_____              9-03-09
  MARK BENDER                                          Date
25 Defendant
26     I am MARK BENDER''s attorney. I have carefully discussed
27 every part of this agreement with my client. Further, I have
28 fully advised my client of his rights, of possible defenses, of

1 | hearing as if the entire Agreement had been read into the record
2 | of the proceeding.
3 |     This agreement is effective upon signature by defendant and
4 | an Assistant United States Attorney.
5 | AGREED AND ACCEPTED
6 | UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
7 |
8 | THOMAS P. O'BRIEN
   United States Attorney

_/s/ David L. Kirman_        9/22/09

10 | DAVID L. KIRMAN     Date
    Assistant United States Attorney

12 |     I have read this agreement and carefully discussed every
13 | part of it with my attorney.  I understand the terms of this
14 | agreement, and I voluntarily agree to those terms.  My attorney
15 | has advised me of my rights, of possible defenses, of the
16 | sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17 | relevant Sentencing Guidelines provisions, and of the
18 | consequences of entering into this agreement.  No promises or
19 | inducements have been given to me other than those contained in
20 | this agreement.  No one has threatened or forced me in any way to
21 | enter into this agreement.  Finally, I am satisfied with the
22 | representation of my attorney in this matter.

24 | _____    _____
25 | MARK BENDER                          Date
    Defendant
26 |     I am MARK BENDER''s attorney.  I have carefully discussed
27 | every part of this agreement with my client.  Further, I have
28 | fully advised my client of his rights, of possible defenses, of

the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____  
JOEL KOURY  
Counsel for Defendant  
MARK BENDER

9-3-09  
Date

15