ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DAVID L. KIRMAN
Assistant United States Attorney
California Bar Number:  235175
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4441
     Facsimile: (213) 894-0141
     E-mail: david.kirman@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 08-1273-SJO |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S SENTENCING POSITION |
| v. | ) | |
| | ) | |
| MARK BENDER, | ) | SENTENCING DATE: May 3, 2010 |
| | ) | SENTENCING TIME: 9:00 a.m. |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

     Plaintiff United States of America, by and through its

counsel of record, the United States Attorney for the Central

District of California, hereby files its response to defendant

Mark Bender's sentencing position ("defendant").

     The government's position regarding sentencing is based upon

the attached memorandum of points and authorities, the files and

//

//

//

records in this case, the United States Probation Office's
Presentence Report, and any other evidence or argument that the
Court may wish to consider at the time of sentencing.

DATED: May 1, 2010                Respectfully submitted,

                                  André Birotte Jr.
                                  United States Attorney

                                  CHRISTINE C. EWELL
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____/s/_____
                                  DAVID L. KIRMAN
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  United States of America

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The Court should reject defendant's request for a sentence of no longer than 57 months and sentence defendant to a low-end Guidelines sentence of 77 months.  Defendant does not dispute that the offense level for defendant's crime of conviction is 21, his criminal history is VI, and the Guidelines range is 77 - 96 months.  Defendant also has no objections to the PSR. Nevertheless, defendant requests a below Guidelines sentence pursuant to Section 3553(a) and because he served eight months for a probation violation resulting from this conviction.

Contrary to defendant's argument, on balance, the Section 3553(a) factors counsel in favor of a 77-month sentence.  There are numerous aggravating factors present in this case.  Defendant is not only an ordinary felon.  He has an extensive criminal history which includes convictions for crimes of violence, distribution of crack cocaine and marijuana, and taking a vehicle without the owner's consent, among other things.  Defendant's intoxication and possession of marijuana and crack cocaine at the time he possessed the weapon is further aggravating.

Notwithstanding these aggravating factors, here, a low-end sentence is appropriate due to the mitigating factors argued by defendant.  These factors include defendant's background, history of mental health issues, and history of substance abuse.  Also mitigating is defendant's quick acceptance of responsibility and his apparent desire to address his substance abuse and mental health issues.

Nor does defendant's term of eight-months incarceration for his parole violation justify a lower sentence.  Although the

Court does have discretion to do so, the Court is not required to reduce defendant's sentence because of the time he served for a probation violation.  The Ninth Circuit has repeatedly noted that custodial time imposed for violations of probation, supervised release, and parole, even if for the same conduct at issue in the federal conviction, is distinct from custodial time imposed for the federal conviction: "punishment imposed upon revocation . . . is punishment for the original crime, not punishment for the conduct leading to revocation . . . ." United States v. Soto-Olivas, 44 F.3d 788, 791 (9th Cir. 1995); see also United States v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995) ("Brown I") (parole revocation is reinstatement of sentence for underlying crime, not punishment for the conduct leading to revocation). Here, defendant's probation violation is only the reinstatement of his prior sentences based on his convictions of sales of cocaine base and taking a vehicle without the owners consent. (PSR ¶ 60).

    The government's recommended sentence also serves all of the remaining § 3553(a) factors.  It reflects the seriousness of the offense, will promote respect for the law, and provide just punishment for defendant's criminal conduct.  The term of imprisonment will also afford defendant adequate time to address his substance abuse and mental health issues as well as deterrence to criminal conduct.  It will also protect the public from further crimes of defendant in a manner that defendant's prior terms of incarceration did not.

**CONCLUSION**

For all of the foregoing reasons, the government respectfully requests that the Court impose the following sentence on defendant: 77 months of imprisonment; a three-year period of supervised release, with the conditions recommended by the Probation Office; no fine; a mandatory special assessment of $100; and forfeiture of the .45 Ruger, Vaquero revolver bearing serial number 5872720 and five rounds of Remington Peters "R P" .45 colt ammunition.

DATED: May 1, 2010                    Respectfully submitted,

                                      ANDRÉ BIROTTE JR.
                                      Acting United States Attorney

                                      CHRISTINE C. EWELL
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      _____/s/_____
                                      DAVID L. KIRMAN
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      United States of America