FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff-Appellee,** v. MARK BENDER, **Defendant-Appellant,** | No. 16-50021 D.C. No. 2:08-cr-01273-SJO MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 14, 2016[**]

Before:   WALLACE, LEAVY, and FISHER, Circuit Judges.

Mark Bender appeals from the district court's judgment and challenges a special condition of supervised release imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion, *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011), and we vacate and remand for resentencing.

Bender challenges the special condition of supervised release that prohibits him from having any contact with minors other than family members, with the exception of frequenting locations, such as restaurants, that may employ minors. The district court did not explain its reasons for imposing this condition, nor are its reasons apparent from the record. *See United States v. Collins*, 684 F.3d 873, 890 (9th Cir. 2012). The only allegations in the record that referenced a minor were contained in a dismissed charge that Bender specifically disputed and that the district court expressly declined to consider. Accordingly, we remand to the district court to either vacate the condition or provide sufficient justification for it. *See id.* at 892.

**VACATED and REMANDED.**