EILEEN M. DECKER
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
JULIUS J. NAM (Cal. Bar No. 288961)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6087
     Facsimile: (951) 276-6202
     E-mail:    julius.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 08-1273-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT MARK BENDER |
| v. | |
| MARK BENDER, | Sentencing Date:    TBD<br>Sentencing Time:    TBD<br>Location: Courtroom of the<br>          Hon. S. James Otero |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julius J. Nam, hereby files its position with respect to sentencing on revocation of supervised release of defendant Mark Bender. This submission is based upon the attached memorandum of points and authorities,

//
//
//
//

the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 25, 2017          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office


          /s/
JULIUS J. NAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On September 24, 2009, defendant Mark Bender ("defendant") pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Dkt. No. 22, 24.)  On May 7, 2010, the Court sentenced defendant to 63 months of imprisonment, to be followed by three years of supervised release.  (Dkt. No. 37, 38.)  After being released from custody, defendant began his term of supervised release on June 20, 2014.

On July 27, 2015, the United States Probation Office ("USPO") filed a petition against defendant, alleging six supervised release violations, including use of marijuana and cocaine, failure to report for random drug tests, failure to submit monthly reports, and failure to timely report law enforcement contact to his probation officer.  (USPO Violation Report, 7/27/15.)  On November 10, 2015, the USPO filed an amended petition with an additional allegation that defendant had violated California law by possessing marijuana for sale.  (USPO Supp. Report, 11/10/15.)  In the supplemental report accompanying the amended petition, the USPO included, as additional relevant conduct, information regarding an investigation into potential charges of kidnapping, rape, and child prostitution against defendant involving a 14-year-old girl.  (Id.)

On December 14, 2015, defendant admitted five of the seven allegations.  As for the two remaining allegations regarding marijuana use and possession of marijuana for sale, the government indicated that it would move to dismiss the marijuana use allegation, while defendant indicated that he would contest the possession of marijuana for sale allegation.

On January 8, 2016, the government moved to dismiss the possession of marijuana for sale allegation, but asked the Court at sentencing to consider the conduct underlying that allegation as well as the uncharged conduct of kidnapping, rape, and child prostitution. The Court found the possession of marijuana for sale allegation to be credible, despite the government's agreement to dismiss it, and indicated that it would consider that the dismissed allegation at sentencing.[1] The Court, however, declined to consider the uncharged kidnapping, rape, and child prostitution conduct. At sentencing, the Court revoked defendant's supervised release and sentenced him to 12 months of imprisonment, to be followed by 18 months of supervised release. (Dkt. No. 79.) The Court imposed additional conditions of supervised release, including a condition that ordered defendant "not to have any contact with any minor, that is any person under the age of 18, with the exception of family members" and minors present at "locations that employ persons under the age of 18, such as restaurants and other establishments." (Id.) The Court explained that such a condition would be "in [defendant's] best interest" and that contacting minors outside of family relationships and business settings could "only complicate his life." (01-08-16 Reporter's Transcript ("RT") 45.)

Defendant appealed his sentence to the Ninth Circuit, challenging the "limited contact with minors" condition. On

---

[1] At the January 8, 2016 hearing, this Court found defendant's denial of possession of marijuana for sale not credible, observing that "it just doesn't resonate as being truthful." (01-08-16 RT 34.) The Court also found defendant to be "savvy, sophisticated, [and] streetwise," in concealing his control of the vehicle in which the marijuana was found, as well as the extent of his relationship with Berry, with whom defendant had been instructed not to associate. (01-08-16 RT 33, 34.)

2

December 20, 2016, the Ninth Circuit vacated and remanded the case for resentencing, holding that this Court "did not explain its reasons for imposing this condition, nor are its reasons apparent from the record." United States v. Bender, No. 16-50021 (9th Cir. Dec. 20, 2016). In remanding the case to this Court, the Ninth Circuit directed this Court "to either vacate the condition or provide sufficient justification for it." Id.

For the reasons discussed below, the government asks the Court to impose the same "limited contact with minors" condition with justifications drawn from defendant's association with and custody of an unrelated minor while possessing marijuana for sale and knowing that the minor was engaged in prostitution.

## II. DEFENDANT'S OCTOBER 11, 2015 POSSESSION OF MARIJUANA FOR SALE CONDUCT WHILE EXERCISING CUSTODY OVER A 14-YEAR-OLD GIRL

In its November 10, 2015 Supplemental Report, the USPO alleged that defendant had been arrested in San Bernardino, for possession of marijuana for sale, after a search of defendant's vehicle led to the discovery of "a large amount of marijuana, smaller individual packages of marijuana, and a digital scale" on October 11, 2015. (USPO Supp. Report, 11/10/15.) The USPO further alleged that, at the time of his arrest in San Bernardino, a 14-year-old girl was in the rear passenger seat of defendant's vehicle. (Id.)

## III. ARGUMENT

### A. THE "LIMITED CONTACT WITH MINORS" CONDITION IS REASONABLY RELATED TO THE GOAL OF PROTECTING THE PUBLIC

On remand, the Court should impose the same supervised release condition limiting defendant's contact with minors because that condition is reasonably related to the goal of protecting the public. Such a condition would be appropriate in light of the great

latitude that the Court has in selecting and imposing conditions of supervised release, which may include "[a] condition of supervised release [un]related to the offense of conviction" because the sentencing judge is statutorily required "to look forward in time to crimes that may be committed in the future" by the defendant. United States v. Blinkinsop, 606 F.3d 1110, 1119 (9th Cir. 2010).

A special condition limiting defendant's contact with minors is reasonably related to protecting the public from defendant's further crimes because defendant's possession of a large amount of marijuana for sale, which the Court did find to be relevant conduct at the January 8, 2016 sentencing, involved defendant's questionable association with a 14-year-old girl who was not related to him. Even after setting aside the uncharged allegations of kidnapping, child prostitution, and rape allegations against defendant, which the Court did not consider at sentencing, defendant's possession of "a large amount of marijuana, small individual packages of marijuana, and a digital scale" in his vehicle, <u>while transporting a 14-year-old girl whom he knew to be engaged in prostitution</u>, remained a part of the facts of this case. (USPO Supp. Report, 11/10/15.) At no point has defendant disputed the presence of the 14-year-old girl in his vehicle at the time of his arrest in San Bernardino. It is also a part of the record that, at the time of his arrest for possession of marijuana for sale, defendant had a key card in his pocket for a hotel room where the 14-year-old girl's belongings, including contraceptives, were later found, and the hotel registry had defendant's and the girl's names listed as co-occupants of the room. (01-08-16 RT 11; 12-14-15 RT 22; Def.'s Sentencing Mem. Ex. F.)

In addition, the record that defendant himself placed before

the Court as part of his sentencing brief prior to the January 8, 2016 sentencing hearing included the following: (1) defendant knew that the 14-year-old girl was engaged in prostitution (Def.'s Sentencing Mem. at 3, 6, Ex. D); (2) defendant took an active interest in the girl and developed a close association with her by arranging for her lodging (id. at 4, 5, Ex. D); (3) defendant procured a hotel room for the girl on October 11, 2015, knowing that she was prostituting herself and she was acquiring "some condoms" (id. at 4, 5, Ex. D); and (4) the very location in San Bernardino where defendant was arrested for being in possession of a large quantity of marijuana for sale was "drug-infested," i.e., "known for people selling and taking 'dope'" (id. Ex. D).

Thus, even after setting aside the uncharged allegations of kidnapping, rape, and child prostitution, the record as a whole before the Court shows that defendant brought an unrelated 14-year-old girl whom he knew to be engaged in prostitution to a location "known for people selling and taking 'dope,'" while defendant himself was in possession of a large quantity of marijuana for sale as well as other implements of marijuana distribution. (Id.) The totality of the facts before the Court, including those submitted in defendant's own sentencing brief, show defendant taking steps to take charge of the 14-year-old girl, while exposing her vulnerable life as a child prostitute to his life of drug abuse, which defendant has readily admitted (01-08-16 RT 38-41; 12-14-15 RT 10-17; Def.'s Sentencing Mem. at 8, 9), and of drug distribution, which the Court found to have an ample basis in fact (01-08-16 RT 15-35). Even assuming, arguendo, that defendant did not know the minor's true age, defendant's conduct of exposing a minor already in a

perilous situation to his criminal behavior and substance abuse provides a basis for the Court's imposition of the requested special condition to protect the public, especially children. <u>United States v. Bee</u>, 162 F.3d 1232, 1236 (9th Cir. 1998) ("[E]ven very broad conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public.").

     **B.   THE "LIMITED CONTACT WITH MINORS" CONDITION IS REASONABLY RELATED TO THE GOAL OF DEFENDANT'S REHABILITATION**

This Court should impose the same special condition limiting defendant's contact with minors because the condition will assist defendant's rehabilitation. At defendant's January 8, 2016 sentencing, the Court explained that the special condition was "in [defendant's] best interest," and having contact with "a person under the age of 18 . . . can only complicate his life." (01-08-16 RT 45.) The government maintains that imposition of the same condition will contribute to the goal of defendant's rehabilitation.

A special condition limiting defendant's contact with minors is indeed in defendant's best interest and will assist him in complying with all of the conditions of his supervised release, particularly given defendant's history of poor peer selection and decision making in the course of his prior supervision period. In the July 27, 2015 Violation Report, the USPO reported that, in addition to being "uncooperative" and showing "excessive absences and continued noncompliance" with the required drug treatment and testing programs, defendant had displayed "negative peer selection" and "poor decision making," but he refused to participate in the proposed location monitoring and cognitive-based moral reconation therapy programs, denying any need for assistance. (USPO Violation

Report, 7/27/15.) The record demonstrates, however, that defendant does need assistance in decision making and peer selection.

First, after testing positive for marijuana in March 2015, defendant denied having used the illegal drug but explained to his probation officer that he attended a party with friends and family members who engaged in smoking marijuana, and attributed the positive test to secondhand exposure. (Id.) Although the government dismissed the associated allegation, defendant's decision to attend and remain at the party demonstrated poor decision making in peer selection and was likely a violation of his supervised release conditions barring defendant from frequenting places where controlled substances are illegally used.

Second, defendant violated the supervised release condition barring him from "associat[ing] with any person convicted of a felony unless granted permission to do so by the probation officer," by remaining in close contact with Karen Berry, a known felon. (01-08-16 RT 5, 9, 20, 21, 33, 34.) Even after being specifically instructed by his probation officer not to associate with Berry, defendant maintained a close relationship with her and frequented a place known to be "drug-infested," showing poor decision making (01-08-16 RT 20-23, 33, 34; Def.'s Sentencing Mem. at 3, Ex. D.)

Third, as discussed above, defendant not only was transporting a 14-year-old girl while in possession of a large amount of marijuana for sale, but also associated with her and procured a hotel room with her, knowing that she was engaged in prostitution. Even if defendant's explanation that he believed the 14-year-old girl to be a 19-year-old prostitute were to be credited (see Def.'s Sentencing Mem. at 6), defendant's conduct vis-à-vis the minor girl

7

demonstrated extremely poor judgment and peer selection, fraught with great danger and criminal consequences for defendant.

On January 8, 2016, this Court imposed several new special conditions to assist defendant in his rehabilitation. They were: (1) participation in cognitive-based life skills program as directed by the probation officer, (2) up to 120 days in a home detention program, and (3) 20 hours of community service when not excused for education, employment, or other acceptable reasons, as directed by the probation officer. (Dkt. No. 79.) The requested condition limited contact with unrelated minors, together with these three conditions, address the issues of poor judgment and negative associations. Just as the cognitive-based life skills program would help improve defendant's overall decision making ability, the home detention program would assist defendant in avoiding locations he should not frequent, and the community service condition would help defendant with a constructive use of his time, the condition limiting defendant's contact with unrelated minors is reasonably related to the goal of helping defendant make better peer selection and avoiding situations that could make him more vulnerable to criminal behavior and prosecution. Accordingly, the Court should impose the requested special condition. Bee, 162 F.3d at 1236.

C. **THE SPECIAL CONDITION INVOLVES NO GREATER DEPRIVATION OF LIBERTY THAN IS REASONABLY NECESSARY**

The government's requested special condition does not represent an impermissible deprivation of liberty because it carves out a very broad exception for family members and locations that employ persons under the age of 18, such as restaurants and other establishment. Defendant will thus be able to maintain his relationships with his

8

own children and other relatives and carry on a relatively normal life in the community in the context of other conditions of his supervised release. Defendant is not barred from being present in the same public or commercial setting with unrelated minors. The only major area of defendant's life affected by the condition is defendant's private, personal interactions with unrelated minors.

The requested special condition is clearly distinguishable from cases involving conditions with no meaningful exceptions that resulted in impermissible restrictions of the defendants' freedom. See United States v. Wolf Child, 699 F.3d 1082, 1090, 1096 (9th Cir. 2012) (conditions prohibiting the defendant from living with, or even being in the company of, his own daughters and from dating, or socializing with, his fiancée, were overbroad and not supported by the record); United States v. Napulou, 593 F.3d 1041, 1046-48 (9th Cir. 2010) (barring defendant from having "regular contact with anyone having a misdemeanor . . . conviction, without prior permission of the Probation Office" without any further limitation to the condition was overbroad); United States v. Soltero, 510 F.3d 858, 867 (9th Cir. 2007)) (prohibiting defendant from associating with "any known member of any . . . disruptive group," with no definition of "disruptive" or justification for the condition by the sentencing court or the government, was impermissibly broad while infringing defendant's First Amendment rights).

In contrast to Wolf Child, the condition requested here is justified by defendant's own conduct and safeguards defendant's relationships with family members, rather than placing any restriction on defendant's familial relations. Unlike the impermissible condition in Napulou, the requested condition provides

9

for broad exceptions for family members and minors in public and commercial settings. Unlike the condition in Soltero, the requested condition neither impermissibly infringes a constitutional right nor contains any term that can be applied in an overbroad fashion to impermissibly restrict defendant's freedom.

Instead, the condition limiting defendant's contact with minors is similar to the condition approved by the Ninth Circuit in United States v. Watson, 582 F.3d 974 (9th Cir. 2009). In Watson, the Ninth Circuit concluded that a condition barring a supervisee from entering the City and County of San Francisco without probation officer's permission was "no broader than legitimately necessary" because the district court found it necessary to separate the supervisee from negative influences in his prior life. Id. at 984-45. Like the condition in Watson, the requested condition here is designed to facilitate defendant's rehabilitation reduce the risk of recidivism. Id. Cf. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (affirming condition barring defendant convicted of 18 U.S.C. § 922(g)(1) from associating with all motorcycle clubs because defendant "was more likely to relapse into crime if he returned to his prior associations").

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose the same special condition of defendant's supervised release limiting contact with unrelated minors that the Court imposed on January 8, 2016, with additional justifications for the condition as presented above.

## CERTIFICATE OF SERVICE

I, **REBECCA EVANS**, declare:

That I am a citizen of the United States and resident or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, CA 92501; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT MARK BENDER**

[ X ] Via electronic mail, addressed as follows:

**USPO Jana Rivers**
United States Probation Office
Jana_rivers@cacp.uscourts.gov

**USPO Sharon Summers**
United States Probation Office
Sharon_summers@cacp.uscourts.gov

This Certificate is executed on **January 25, 2017**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Rebecca Evans*
REBECCA EVANS